## Foreign Medical School Graduates

THOMAS D. MCBRIDE, Attorney General, January 3, 1958.—You have requested our advice concerning foreign medical school graduates who apply to the State Board of Medical Education and Licensure, hereinafter called board, for a certificate of licensure to practice medicine and surgery in Pennsylvania. A foreign medical school graduate is defined as a citizen of the United States or a subject of a foreign country who has graduated from a medical school located outside the United States and its territories and possessions.

The licensing of physicians and surgeons is governed by the Medical Practice Act of June 3, 1911, P. L. 639, as amended, 63 PS §§401 to 418. Section 2 of that act [1] specifically prohibits a person from practicing medicine unless he has fulfilled the requirements of the act and received a certificate of licensure from the board. Upon proof of his meeting certain qualifications, an applicant for licensure will be admitted to examination,[2] and upon passage of the examination, he will receive a licensing certificate entitling him to practice medicine and surgery in the Commonwealth of Pennsylvania.[3]

One of the proofs which must be submitted by an applicant to the board is that he attended certain courses in ". . . some reputable and legally incorporated medical school or college, or colleges, recognized as such by the Board . . .".[4] Such proof must be sub-

---

[1] As amended by the Act of August 6, 1941, P. L. 903, 63 PS §401a.

[2] Act of June 3, 1911, P. L. 639, sec. 5, as amended, 63 PS §405.

[3] Id., sec. 7, as amended, 63 PS §409.

[4] Id., sec. 5, as amended, 63 PS §405.

mitted by an applicant who graduated from a foreign medical school [5] as well as by an American medical school graduate. The board has the specific duty of determining the qualifications of the various medical schools, both within and without the Commonwealth.[6] As regards the latter, the act [7] states as follows:

"It shall further be the duty of the board, by inspection and otherwise, to ascertain the facilities and qualifications of medical institutions, colleges, or hospitals, outside this Commonwealth, whose graduates or interns desire to obtain medical licensure in this Commonwealth."

Finally, the act [8] sets forth certain facilities and minimum standards which must be maintained by medical institutions chartered by the Commonwealth and empowered to confer the degree in medicine and requires notification by the board to any institution failing to meet the standards. Subsequent failure to conform renders graduates of the institution ineligible for licensure.[9]

Upon this background the following questions must be considered:

I. What duty does the board have with regard to the licensure of foreign medical graduates generally?

II. May the board accept from a foreign medical graduate the passing of an American medical qualification examination given by the Educational Council for Foreign Medical Graduates in lieu of the board's approval of the medical school from which the applicant graduated and/or in lieu of the board's own examination of the applicant?

I. The provisions of the Medical Practice Act, noted

---

[5] Id., sec. 5, as amended, 63 PS §406.

[6] Id., sec. 4, as amended, 63 PS §402.

[7] Ibid.

[8] Id., sec. 4, as amended, 63 PS §403.

[9] Id., sec. 4, as amended, 63 PS §404.

above, do not establish, nor do they authorize the board to establish, a system of medical licensure which directly or indirectly discriminates against foreign medical school graduates.[10] A person who graduates from a foreign medical school is entitled to the same consideration as a person who graduates from a medical school in the United States. This means that if a foreign medical school graduate fulfills all the preliminary qualifications, he is entitled to take the examination given by the board and, if he passes the examination, to be licensed to practice medicine and surgery in Pennsylvania.

The procedure for obtaining a license is carefully set forth in the statute. Nothing therein [11] allows a person to be licensed who has not received his medical education at an approved medical school and who has not passed an examination. The requirements necessarily contemplate that the board will take steps to determine if a particular medical school should or should not be approved. The board cannot refuse to act, either intentionally or otherwise, and thus leave a medical school resting in limbo.

It cannot reasonably be argued that the board's duty to ascertain the qualifications of medical colleges requires personal inspection by members of the board. Such a requirement plainly would be beyond the physical and financial resources of the board. However, since the board itself must pass final judgment on a particular school's acceptability,[12] it may obtain determinations and facts from reputable sources such as the Council on Medical Education and Hospitals of

[10] A law which did so discriminate could, conceivably, be attacked as violative of the equal protection clause found in Amendment XIV to the Federal Constitution.

[11] There are minor exceptions, irrelevant to this opinion, found in section 12 of the act and in section 1 of the Act of August 10, 1951, P. L. 1154, 63 PS §§410 and 417.

[12] See page 2, supra.

the American Medical Association and the Association of American Medical Colleges and base its determination thereupon. Thus, the board is free to make its decision from information obtained from these agencies; but if it chooses not to do so, it cannot refuse to decide at all. It must then make its own determination as to the qualifications of a medical school, such determination being based on the same standards as are applied to any other medical school.

So, the foreign medical school graduate is entitled to have his credentials considered on the same basis as a graduate of an American medical school. He cannot be refused admission to the medical licensure examination on the ground that the medical school from which he graduated has not been approved by the board when, in fact, it has not been disapproved either.

II. The Educational Council for Foreign Medical Graduates represents the joint conclusion of the Federation of State Medical Boards, the Council on Medical Education and Hospitals of the American Medical Association, the Association of American Medical Colleges and the American Hospital Association that the foreign medical graduate problem should be handled at a national level.[13] These interested groups, together with the lay public, are all represented on the council which will assume [14] primary responsibility for evaluating the credentials of foreign medical graduates. This evaluation would encompass both the rating of the medical school and the examination features of the licensure requirements.

As stated above,[15] the final determination of a medical school's qualifications must be made by the board although the board may base its judgment on infor-

---

[13] 164 A. M. A. J. 417, 445 to 454.

[14] It is anticipated that the council will begin operating in late 1957 or early 1958. See 164 A. M. A. J. 445.

[15] See page 5, supra.

mation received from other agencies. In addition, the board is specifically granted the power to accept for licensure an applicant who has successfully completed an examination given by any medical board considered competent by the board,[16] provided the applicant otherwise qualifies. But examination may not be substituted for approval nor approval for examination. Of course, these two criteria may merge where admission to the examination requires graduation from an approved medical school. Thus, if the council examines only foreign medical graduates who have studied at schools approved by the board, no difficulty arises. If the board, initially, recognizes the council's ratings and gives its own approval to the council-approved schools, all problems disappear. The board, then, need only recognize the council as a competent examining board.

Thus, while it cannot be said that one's passing of the council's *examination* may be accepted by the board in lieu of its own *approval* of the applicant's medical school, such a conclusion begs the question since it fails to meet the facts underlying the situation. The board may accept the council's examination in lieu of its own, and it may base its own approval of a medical school on information gained by the council. These two conclusions, coupled with our initial one that the board must act on the question of qualification of any particular foreign medical school, should allow the board to achieve substantial uniformity with other States in its approach to the foreign medical graduate.

In conclusion, therefore, it is our opinion that the State Board of Medical Education and Licensure: (1)

---

[16] Medical Practice Act, sec. 6, as amended, 63 PS §407. We understand that the board does accord such recognition to the National Board of Medical Examiners. See Official Opinions of the Attorney General of Pennsylvania, 1923-1924, page 434.

138

Cannot apply standards for approval to foreign medical schools which differ from those applied to American medical schools; (2) must determine for itself the qualifications of each medical school, American and foreign, but may base its determination on information supplied it by other agencies in lieu of personal investigation; and (3) may accept the examination given by the Educational Council for Foreign Medical Graduates in lieu of its own examination provided the council is found to be a competent examining board.